## CIRCUIT COURT OF MADISON COUNTY

Rapidan Baptist Camp
and Conference Center

v.

Madison County

March 22, 2006

Case No. 3395

BY JUDGE DANIEL R. BOUTON

I set forth below the court's ruling on the remaining disputed issues raised by the demurrer filed by Madison County.

### Procedural History

This matter is before the court based on a demurrer filed by Madison County. On January 4, 2006, the court heard oral argument and ruled on a number of issues that were raised by the demurrer.

At this point, the remaining question to be decided by the court is whether any of the exemptions set forth in § 58.1-3606 can be claimed by Rapidan. If the exemptions are available for consideration in this case, the demurrer must be overruled; if they are not, the demurrer on the statutory claims must be sustained. In this regard, at oral argument, the court inquired of counsel whether any authority could be found that addresses whether the 2003 amendment to Article X, § 6(a)(6), of the Virginia Constitution affects the validity of the exemptions contained in § 58.1-3606. Both parties were given an opportunity to submit written arguments on this issue.

310

*Discussion*

The first question that needs to be addressed is whether the legislature has taken any action to repeal the tax exemptions contained in § 58.1-3606. It is not disputed that the statutory exemptions were valid as of January 1, 2003, the effective date of the constitutional amendment. It is also not disputed that the basis of the exemptions is a statute that was passed by the General Assembly under the authority granted to it by the Virginia Constitution. In Virginia, the repeal of a statute is not favored; in the absence of express language that operates to repeal a law, there exists a presumption against a legislative intent to repeal. *Hughes v. Cole*, 251 Va. 3, 465 S.E.2d 820 (1996). The court has studied the various statutory provisions that have been cited by counsel in this case. In the court's view, there are no statutory provisions that expressly repeal the exemptions that are set forth in § 58.1-3606. Moreover, there is no language in any statute that demonstrates an intent to repeal them.

Since the General Assembly has not repealed the statutory exemptions, the remaining question is whether the passage of the 2003 constitutional amendment did so. Here, it is first important to note that, when the Virginia Constitution was passed, all tax exemptions that had been provided for by the General Assembly prior to the effective date of the Constitution were left intact. On this point, Article X, § 6, of the Virginia Constitution states that "all property exempt from taxation on the effective date of this section shall continue to be exempt until otherwise provided by the General Assembly as herein set forth." The importance of preserving all existing exemptions was further stressed when this constitutional provision was discussed by the Supreme Court of Virginia in *Manassas Lodge v. Prince William County*, 218 Va. 220, 237 S.E.2d 102 (1977). There, the court concluded that this clause constituted a grandfather provision whose purpose was to shield and protect all existing tax exemptions. Thus, when the Constitution became effective, constitutional protection was provided for all tax exemptions that existed at the time.

This principle is not dispositive on the question that must be decided by the court since Madison County's argument is that the passage of the amendment operated to repeal the exemptions. However, it is significant in that it raises the question of why the amendment would lead to a repeal of any tax exemptions when the Constitution itself explicitly preserved those that were already in place when the Constitution went into effect. Moreover, as stressed above, the legislature never took any separate, independent action to repeal § 58.1-3606; thus, how and why would the amendment result in repeal?

Turning to the issue of whether the exemptions under § 58.1-3606 were repealed by the amendment, a number of points must be stressed by the court. First, the amendment contains no provision that explicitly repeals any exemptions that existed at the time of the amendment's passage, nor does it include any language that would even remotely suggest that this was intended. Second, in authorizing localities to grant exemptions, the amendment did not alter or modify the substantive law regarding what types of exemptions could be granted. Left completely intact by the ratified amendment was the power to exempt "by classification or designation" property "used by its owner for religious, charitable, patriotic, historical, benevolent, cultural, or public park and playground purposes. . . ." Only the method or procedure by which exemptions could be granted was changed by the passage of the amendment. It shifted the power to exempt from one branch of government to another; moreover, this change in which entity of the government could exercise the power to exempt only became effective on January 1, 2003. The amendment did nothing to alter at any time the types of property that are eligible for exemption. Thus, the substance of the law contained in the Constitution remained the same.

In ruling on this issue, the court also agrees with the reasoning of the Attorney General's Opinion of August 5, 2003. In particular, the comprehensive discussion of the various exemption statutes contained in the opinion is consistent with the court's view that no provision of any statute passed by the General Assembly repealed the exemptions contained in § 58.1-3606. Furthermore, the Attorney General's summary of the circumstances surrounding the passage of the 2003 constitutional amendment and her interpretation of its language supports the conclusion that the amendment did not repeal or even address the tax exemptions that are found in the statute that is the subject of the dispute in this case.

Based on the above analysis, the court is not persuaded that the passage of the amendment repealed the exemptions set forth in § 58.1-3606. The clear intent to preserve existing tax exemptions when the Virginia Constitution was first passed, the absence of any repealing language in the 2003 amendment, the lack of any change to the substantive law when the amendment was passed, and the failure of the legislature to enact any statutory provisions that explicitly repeal the exemptions contained in the statute support the court's conclusion on this issue. The court finds that the tax exemptions contained in § 58.1-3606 were not affected by the passage of the constitutional amendment. When the amendment became effective, the local governing body then became vested with the power to grant exemptions subject to the limits set by the

General Assembly (§ 58.1-3651(E)). However, the General Assembly retained its legislative power over the exemptions set forth in § 58.1-3606.

*Conclusion*

As a result of the above discussion, the court overrules the demurrer as it pertains to the claim of Rapidan under Va. Code § 58.1-3606.